**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                 :
JONATHAN ALLEN,                  :    CIVIL ACTION
            Petitioner,          :
                                 :
        v.                       :    NO. 07-3256
                                 :
GERALD ROZUM, et al.,            :
            Respondents.         :
_____ :

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

### REPORT AND RECOMMENDATION

        Presently before the Court is a <u>pro se</u> Petition for Writ of Habeas Corpus filed by the Petitioner, Jonathan Allen ("Petitioner"), pursuant to 28 U.S.C. section 2254.  The Petitioner is currently incarcerated in the State Correctional Institution located in Somerset, Pennsylvania.  For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

I.        **PROCEDURAL HISTORY**.[1]

        On Monday, August 6, 2001, Petitioner, while on bail pending trial, failed to appear in court for his joint jury trial with co-defendant Teddy Jones.  Despite meeting with his attorney on the previous Thursday and Friday, Detectives could not locate Petitioner on August 6.  Petitioner neither communicated with his

_____

[1]This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, the exhibits attached to those pleadings, and docket searches of the Court of Common Pleas of Philadelphia County and the Pennsylvania Superior Court.

attorney nor his mother during the weekend between meeting with his attorney and the first day of trial, and gave no indication that he did not intend to show up for the trial.  On August 6, 2001, the Honorable Anthony J. DeFino took testimony regarding this issue, issued a bench warrant for Petitioner's appearance, and granted the Commonwealth's motion to proceed against Petitioner *in absentia*.  Petitioner was represented both at this hearing and during the trial by James DiVirgilis, Esquire.

Jury selection also took place on August 6, 2001, followed by a jury trial during the following two days.  On August 8, 2001, the jury found Petitioner guilty *in absentia* of robbery as a felony of the first degree, carrying firearms without a license, possessing an instrument of crime, and criminal conspiracy.  On December 20, 2001, Petitioner was sentenced *in absentia*.  No timely notice of appeal was filed within thirty days of the sentencing, and no petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA") was filed. See 42 Pa. C.S.A. § 8541, et seq.

Nearly two years after he was sentenced *in absentia*, Petitioner was captured and taken into custody in 2003, and on September 10, 2003, Judge DeFino signed an order withdrawing his earlier bench warrant and ordered Petitioner to begin serving the sentence imposed on December 20, 2001.  Resp., Ex. C.  On October 9, 2003, Petitioner filed a notice of appeal, stating that his

2

judgment of sentence was entered on September 10, 2003.  The
notice was accepted for review only by the Appeals Unit of the
Court of Common Pleas, and the Court of Common Pleas took no
further action because the appeal erroneously referred to a
judgment date of September 10, 2003.[2]

     Nearly two years later, Petitioner filed a one-page
"Application for Relief 123" on August 12, 2005 in the Superior
Court seeking an explanation why no action had been taken on his
October 9, 2003 appeal.  Resp., Ex. D.  The Superior Court issued
an order in response to Petitioner's inquiry, stating:

>     Upon consideration of the Petitioner's
> *pro se* "Application for Relief 123," it
> appears that a breakdown occurred in the
> processes of the trial court that prevented
> the Petitioner's notice of appeal from his
> judgment of sentence from being docketed and
> transmitted to this Court.  Accordingly, the
> Petitioner's *pro se* "Application for Relief
> 123" is hereby transferred to the trial
> court, pursuant to Pa. R.A.P. 751, so that it
> may docket and process the October 9, 2003
> time-stamped timely notice of appeal that is
> contained in the application.  ***Cf.***
> ***Commonwealth v. Khalil***, 806 A.2d 415 (Pa.
> Super. 2002)(discussing ramifications of a
> breakdown in the processes of the trial
> court), *appeal denied*, 818 A.2d 503 (Pa.
> 2003).

Resp., Ex. E.  The Court of Common Pleas again took no further
action because this was an appeal from a non-existent order.

     Two years later, on August 8, 2007, Petitioner's

---

    [2] The valid judgment date was December 20, 2001, when Petitioner
was sentenced *in absentia*.

federal habeas Petition was docketed by the Clerk of Court, but Petitioner signed and dated the Petition March 15, 2007. Pet., p. 11. Pursuant to the prison mailbox rule, this Court will consider the date of filing as March 15, 2007. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997)(motion is deemed filed on date petitioner gave petition to prison officials to mail). The Commonwealth contests this as the date Petitioner actually signed the Petition because of the five month lapse of time between its date and docketing.

While counsel for Respondents was researching Petitioner's state court case to prepare a Response to the instant Petition, he recognized the discrepancy between Petitioner's use of September 10, 2003 as the judgment of sentence date in his appeal to the Superior Court and December 20, 2001, the actual judgment of sentence date. He brought this discrepancy to the attention of the Court of Common Pleas. Counsel informed this Court in his Response to the habeas Petition that it was determined that Petitioner's state court case should be actively docketed so that the untimeliness of the appeal could be made a clear and unambiguous matter of record. In the Response to the Petition filed on October 4, 2007, counsel states that the docketing would likely occur shortly after October 4, 2007.

The Court of Common Pleas docket shows that on October

25, 2007, a PCRA petition was docketed, and on January 3, 2008,
Judge DeFino filed an initial review status of the PCRA petition.
Common Pleas Dkt. No. CP-51-CR-1102171-2000, p. 5.  The Superior
Court docket shows that on December 27, 2007, the Superior Court,
*per curiam*, entered the following order:

> Upon Appellant's Application for Relief,
> etc., the Appellant shall be permitted to
> proceed in forma pauperis.  The record is
> remanded for 60 days.  The lower court is
> directed to provide the appellant, either
> directly or via prior counsel, with copies of
> any requested trial notes of testimony that
> it deems necessary and relevant to this
> appeal and include them as part of the
> certified record.  The existing briefing
> schedule is vacated, to be re-established
> following return of the certified record to
> this Court.

Superior Ct. Dkt. No. 2839 EDA 2007, pp. 4-5.  Certified copies
of the December 27 order and copies of the petitions in the
Superior Court were also sent to the lower court, the lower court
judge, and the supervising judge on December 27, 2007.  Id. at 5.

On December 28, 2007, the Court of Common Pleas
docketed the Superior Court remand for missing documents.  On
December 31, 2007, notes of testimony for August 6, 2001, the
date that Judge DeFino took testimony regarding Petitioner's non-
appearance for trial, and December 20, 2001, the date that
Petitioner was sentenced *in absentia*, were sent by the Court of
Common Pleas to Petitioner.  The court also sent a copy of the
Superior Court order remanding the case for missing documents to

the court stenographers for other volumes.  Ct. of Common Pleas
Dkt. No. CP-51-CR-1102191-2000, pp. 15-16.

II.    **DISCUSSION**.

        Petitioner's case must be decided pursuant to the terms
of the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110
Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C.
section 2254, the statute under which this Petition was filed,
and requires that federal courts give greater deference to a
state court's legal determinations.  The AEDPA also amended 28
U.S.C. section 2244, to require that a one-year period of
limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a state
court.  In this case, the applicable starting point to examine
the limitations period is the latest date on which the judgment
of sentence became final, either by the conclusion of direct
review or the expiration of the time for seeking such review.
See 28 U.S.C. § 2244(d)(1).  If direct review of a criminal
conviction ended after the AEDPA's April 24, 1996 effective date,
a prisoner has one year after the judgment of sentence is entered
to properly file a habeas action.

        Petitioner was sentenced *in absentia* on December 20,
2001.  Because Petitioner's conviction became final on January
19, 2002, when his time to appeal to the Superior Court expired,

6

Petitioner had the next year until January 19, 2003 to timely file a federal Petition for Writ of Habeas Corpus. Because this Petition was filed four years after the AEDPA one-year statutory period expired, it is time-barred.

### A. Statutory Tolling.

The AEDPA's one-year statute of limitations is subject to statutory tolling. 28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). The limitations period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d)(2). However, if a PCRA petition is untimely, it is not considered properly filed in order to toll the AEDPA one-year statutory time period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Although Petitioner filed a PCRA petition in this case on October 25, 2007, it is likely that the petition will be dismissed as untimely because Petitioner's deadline for filing such a petition was January 19, 2003. 42 Pa. C.S.A. § 9545(b)(1). An untimely PCRA petition will not toll the one-year AEDPA limitations period. Pace, 544 U.S. at 417. Similarly, it is likely that Petitioner's late attempt at a direct appeal in

the Superior Court will also be dismissed as untimely.

      **B.**      **Equitable Tolling.**

      This Court must next examine whether the AEDPA statute of limitations should be *equitably* tolled.  Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)(citation omitted).  The limitations period will be equitably tolled when the principles of equity would make the rigid application of a limitations period unfair.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  The United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted).  The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.'  Mere excusable neglect is not sufficient." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)(quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

      Courts must be sparing in their use of equitable tolling.  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).  The Third Circuit has set forth the following three circumstances in which equitable tolling is

permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)(citing Jones, 195 F.3d at 159 (citations omitted)).

To warrant equitable tolling, Petitioner must prove he has in "some extraordinary way been prevented from asserting his ... rights" and he "exercised reasonable diligence in investigating and bringing [the] claims."  Fahy, 240 F.3d at 244. In non-capital cases, the Third Circuit has held "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Id. (citations omitted).

In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this Court must examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced.  Traub v. Folio, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004)(citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004)(affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief)).  It is

Petitioner's burden to show that he acted with reasonable diligence and that the extraordinary circumstances caused his petition to be untimely. Id.

Under the circumstances of this case, Petitioner did not act in a reasonably diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in *this* Court. Petitioner met with his attorney the week before his trial. He never appeared for his trial, and was tried, convicted and sentenced *in absentia*. Petitioner remained at large for nearly two years following his trial and sentencing. Nearly one month after he was captured, brought into court and ordered to begin serving his sentence, he filed an appeal using the wrong sentence date. Petitioner then waited nearly two more years until pursuing further relief in the appellate court. Although no activity took place in the appellate court, Petitioner again waited nearly two additional years before filing the instant habeas Petition. Petitioner fails to allege any steps that he took to timely file this Petition, and equitable tolling does not apply in this case to render the instant Petition timely. The Petition is time-barred, and must be denied with prejudice and dismissed without an evidentiary hearing.

## C.    Certificate of Appealability.

When a district court denies a habeas petition on

procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant Petition is time-barred.  It is statutorily barred, and equitable tolling does not apply to this Petition.

For all of the above reasons, I make the following:

<strong><u>RECOMMENDATION</u></strong>

AND NOW, this 14th day of March, 2008, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


*/s/ Henry S. Perkin*
HENRY S. PERKIN
United States Magistrate Judge

11