IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JONATHAN ALLEN,

    Petitioner,        :     CIVIL ACTION

      v.             :     NO. 07-3256

GEROLD ROZUM, et al.,

    Respondent.     :

## O R D E R

**AND NOW**, this **1st** day of **October, 2008**, upon consideration of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (doc. no. 11) and Petitioner's objections thereto (doc. no. 16), it is hereby **ORDERED** as follows:

    1.    The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1]    Petitioner objects to Magistrate Judge Perkin's conclusion that his habeas petition is time-barred. Petitioner asserts that his petition was timely filed, and, in the alternative, that statutory and equitable tolling should be applied to toll the statute of limitations period applicable to his federal habeas petition.

    A brief recount of Petitioner's trial and sentencing is summarized as follows. On Monday, August 6, 2001, Petitioner, while on bail pending trial, failed to appear in court for his joint jury trial with co-defendant Teddy Jones. Petitioner met with his attorney on the previous Thursday and Friday, and gave no indication to his attorney that he did not intend to show up for the trial. The Honorable Anthony J. DeFino took testimony regarding Petitioner's absence, issued a bench warrant for his

appearance and granted the Commonwealth's motion to proceed <u>in abstentia</u>.  Petitioner was represented at all times by James DiVirgilis, Esquire.

On Wednesday, August 8, 2001, following a jury trial, Petitioner was found guilty <u>in absentia</u> of robbery as a felony of the first degree, carrying firearms without a license, possessing an instrument of crime and criminal conspiracy.  On December 20, 2001, Petitioner was sentenced <u>in abstentia</u>.  On September 10, 2003, after Petitioner was captured and taken into custody, Judge DeFino signed an order withdrawing his earlier bench warrant and ordered Petitioner to begin serving the sentence imposed on December 20, 2001.  Ex. C, Resp.'t Resp. (doc. no. 4).

Petitioner asserts the following arguments all based on ineffective assistance of counsel: (1) failure to stay all trial proceedings; (2) failure to file an appeal on behalf of Petitioner; (3) commencing trial <u>in abstentia</u>; and (4) failure to present mitigating evidence at trial and sentencing (doc. no. 1).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody as a result of a state court judgment must file his federal habeas petition within a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  This limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  <u>Id.</u> at § 2244(d)(1)(A).  If direct review of a criminal conviction ended after the AEDPA's April 24, 1996 effective date, a prisoner has one year after the judgment of sentence is entered to properly file a habeas action.  However, this limitation is subject to both statutory and equitable tolling.

Under Rule 602 of the Pennsylvania Rules of Criminal Procedure [old Rule 1117(a) of the Pennsylvania Rules of Criminal Procedure, hereinafter referred to as "Rule 602"], a trial court is empowered to proceed to trial and sentencing of a defendant <u>in abstentia</u> absent a showing of cause.  <u>See Commonwealth v. Johnson</u>, 734 A.2d 864, 867-69 (Pa. Super. Ct. 1999) (finding trial <u>in absentia</u> did not violate defendant's right to be present where he had notice of the trial but failed to appear); <u>see also Commonwealth v. Faulk</u>, 928 A.2d 1061 (Pa. Super. Ct. 2007) (finding waiver of right to be present at trial was knowing and intelligent).  In addition, there is no constitutional requirement to give notice to a defendant that a trial may be held <u>in abstentia</u> "if, knowing of the trial date, he fails to

-2-

appear."  <u>Johnson</u>, 734 A.2d at 867.

Here, Petitioner knew of the trial date and knowingly
failed to show up.  Under Rule 602, he was tried, convicted and
sentenced <u>in abstentia</u> on December 20, 2001.  Because
Petitioner's conviction became final on January 19, 2002, when
his time to appeal to the Pennsylvania Superior Court expired, he
had until January 19, 2003 to timely file a federal habeas
petition.  His petition is therefore time-barred because it was
filed four years after the AEDPA one-year statutory period
expired.

Construing the petition liberally, Petitioner asserts
that the statute of limitations should be statutorily tolled.
The limitations period will be statutorily tolled for the time
during which a "properly filed" application for state post-
conviction or other collateral review is pending.  <u>See</u> 28 U.S.C.
§ 2244(d)(2).  However, if a PCRA petition is untimely, it is not
considered properly filed in order to toll the AEDPA one-year
statutory time period.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417
(2005).  Although Petitioner filed a PCRA petition in this case
on October 25, 2007, the statute of limitations had already run
because the deadline for filing was January 19, 2003.  <u>See</u> 42 Pa.
C.S.A. § 9545(b)(1); <u>see also</u> <u>Whitney v. Horn</u>, 280 F.3d 240, 251
(3d Cir. 2002) (enunciating that "one-year limitation is a
jurisdictional rule that precludes consideration of the merits of
any untimely PCRA petition, and it is strictly enforced in all
cases, including death penalty appeals.").  Similarly,
Petitioner's late attempt at a direct appeal in the Superior
Court does not change the fact that the instant petition is
untimely.

Petitioner also argues that his failure to file by
January 19, 2003, does not in fact make his petition untimely
because the statute of limitations should be equitably tolled.
Equitable tolling is available only when "the principle of equity
would make the rigid application of a limitation period unfair."
<u>Merrit v. Blaine</u>, 326 F.3d 157, 168 (3d Cir. 2003) (internal
quotations omitted).  To qualify for equitable tolling, the
petitioner must show: (1) the existence of extraordinary
circumstances that prevented him from asserting his rights; and
(2) that he exerted reasonable diligence in investigating and
bringing his claims.  <u>Id.</u>  "[A]ttorney error, miscalculation,
inadequate research, or other mistakes have not been found to
rise to the 'extraordinary' circumstances required for equitable
tolling."  <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001).

-3-

2.   Petitioner's objections to the Report and

Recommendation are **OVERRULED**;

3.   The Petition for Writ of Habeas Corpus, pursuant

to 28 U.S.C. § 2254, (doc. no. 1) is **DENIED** and

**DISMISSED** without an evidentiary hearing; and

4.   There is no probable cause to issue a Certificate

of Appealability.[2]

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

Here, Petitioner does not demonstrate the requisite
diligence to justify equitable tolling.  As discussed above,
Petitioner was properly sentenced _in abstentia_ under Rule 602.
During his time as a fugitive, the statute of limitations for
filing a federal habeas petition expired.  Only after Petitioner
was captured did he begin to pursue his claims.  Even after he
was captured, Petitioner waited four years before filing the
instant petition.  Under these circumstances, these facts do not
support a finding of reasonable diligence sufficient to equitably
toll the statute of limitations.

[2]    A prisoner seeking a certificate of appealability must
demonstrate "a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner
satisfies this standard by demonstrating that jurists of reason
could disagree with the district court's resolution of his
constitutional claims or that jurists could conclude the issues
presented are adequate to deserve encouragement to proceed
further."  _Miller-El v. Cockrell_, 537 U.S. 322, 327 (2003).  No
basis for a certificate of appealability exists in this case, as
Petitioner is unable to meet this standard.